UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BRADFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-79-JCH |
| | ) |
| JAMIE HICKMAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff William Bradford for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seek monetary, declaratory, and injunctive relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendant is Jamie Hickman, who is the MSOTC mail supervisor. Plaintiff alleges that defendant denied him the right to keep and use a catalog because "residents [are] not allowed catalogs on the ward."

Plaintiff contends that he was denied his First Amendment right to be free from censorship and his right to due process under the Fourteenth Amendment. He alleges that defendant's refusal to allow residents of Hoctor Three ward to keep and use catalogs serves no clinically appropriate purpose and is not necessary to meet a legitimate government interest. He states that there is no documentation that possession of the catalog would pose a risk of harm to himself or to others. Plaintiff further states that he was denied due process in that he received no notice or hearing in conjunction with this denial.

**Discussion**

While plaintiff does not surrender all constitutional rights by his lawful detention, the fact of detention - along with the legitimate goals and policies of the detention facility - does cause the necessary withdrawal or limitation of many privileges and rights. *See Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979). The Supreme Court has held that there must be a "'mutual accommodation

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

between institutional needs and objectives and the provisions of the Constitution that are of general application.'" *Id*. at 546 (*quoting Wolff v. McDonnell,* 418 U.S. 539, 556 (1974)). Additionally, the Supreme Court has identified the maintenance of institutional security and the preservation of internal order and discipline as essential goals that may require limitation or retraction of retained constitutional rights. *Wolfish*, 441 U.S. at 546-47. Finally, the Supreme Court has stated that detention facility administrators should be given "wide-ranging deference" in adopting and executing policies which they judge to be necessary to preserve institutional security. *Id.* at 547-48.

The restriction on plaintiff's First Amendment rights may be reasonably related to the legitimate goals and policies of the MSOTC, or it may be based merely on an administrative concern or speculation about a possible security risk. The Court should not unthinkingly adopt such rationales, especially since the facility's officials have every incentive to "err on the side of too little freedom." *Jones v. North Carolina Prisoners' Labor Union, Inc*. 433 U.S. 119, 142, 97 S.Ct. 2532 (1977); *cf. Thornburgh v. Abbott*, 490 U.S. 401, 414, 109 S.Ct. 1874 (1989).

Having carefully reviewed plaintiff's complaint, the Court finds that plaintiff's claims against defendant Hickman regarding the violation of his constitutional rights survive review under § 1915(e)(2)(B) and should not be dismissed as this time. Therefore, the Court will order that defendant reply to these claims.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 5] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **DENIED** as moot.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint against the named defendant.

Dated this 16th day of August, 2005.

                                            **/s/ Jean C. Hamilton**
                                            **UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com