UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM BRADFORD, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) |  |
| v. | ) | No. 4:05-CV-79-JCH |
| JAMIE HICKMAN and ALAN BLAKE, | ) |  |
| Defendants. | ) |  |

### ORDER AND MEMORANDUM

This matter is before the Court for review upon plaintiff's filing First Amended Complaint [Doc. 14]. On August 16, 2005, the Court entered Memorandum and Order, granting plaintiff leave to proceed in forma pauperis and ordering that process issue as to defendant Jamie Hickman. Plaintiff seeks to amend his complaint to add Alan Blake as a defendant and to add claims for violation of his constitutional rights to freedom of religion and access to the courts. For the sake of clarity, before considering the amended complaint, the Court will restate the standard under which it considers a complaint filed in forma pauperis.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

### The amended complaint

Plaintiff realleges those claims against defendant Hickman which the Court has already reviewed and upon which the Court has ordered that process issue. Plaintiff also alleges two additional claims against new defendant Alan Blake, the Missouri Sexual Offender Treatment Center ("MSOTC") chief operating officer.

First, plaintiff alleges that defendant Blake has created a system of policies and practices that have placed a substantial burden on plaintiff's free exercise of religion. Plaintiff states that he is a sincere adherent of the "Benkai society's eclectic tradition of shamanic witchcraft." Plaintiff states that he has been informed that the MSOTC facility has recognized his religious affiliation and needs. Plaintiff alleges that defendant Blake has burdened his practice of religion by, *inter alia*, refusing to allow him to have art supplies, ritual tools and supplies, time outdoors in all types of weather and religious exemption from compelled medical treatment.

Second, plaintiff alleges that defendant Blake has impaired his right of access to the courts. Plaintiff alleges, *inter alia,* that the law library is inadequate; that he cannot purchase, or receive as gifts, law books or research aids; that he is forbidden to purchase stamps, envelopes or other basic legal supplies; that the amount of legal paperwork he is allowed to possess is limited to four inches; and that he is forbidden the possession and use of a computer or other type of word processor and printer. Plaintiff asserts that these conditions and restrictions impair his right of access to the courts. Plaintiff seeks monetary, injunctive and declaratory relief for the alleged violations of his constitutional rights.

### Discussion

Preliminarily, the Court considers whether plaintiff may amend his complaint to add a defendant and two additional claims and whether defendant Blake may be held liable for the alleged

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

constitutional violations.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Because plaintiff's amended complaint was filed before a responsive pleading was served, plaintiff may amend "as a matter of course." FED. R. CIV. P. 15(a).

Plaintiff asserts that defendant Blake is liable for the policies and practices that unconstitutionally deprived him of his rights. Defendant Blake may not be held liable solely on the basis of his status as the chief operating officer. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits). However, "chief executive officers of penal institutions, such as '[a] prison warden can be held liable for policy decisions which create unconstitutional conditions.'" *Reutcke v. Dahm*, 707 F.Supp. 1121, 1134 (D.Neb.1988) (quoting *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985); *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir.1987) (per curiam). The Court cannot discount the possibility that defendant Blake was responsible for the policy decisions that allegedly deprived plaintiff of his constitutional rights. *See id.* Thus, defendant Blake may be a proper defendant in this matter.

Pursuant to the First Amendment guarantee of freedom of religion and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, *et seq.*, plaintiff's claim against defendant Blake regarding the denial of his religious rights survives review under § 1915(e)(2)(B) and should not be dismissed as this time. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendant Blake respond to this claim.

Plaintiff's allegations against defendant Blake regarding his right of access to the courts fails to state a claim because plaintiff has not alleged actual prejudice to a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, plaintiff's amended complaint as to this issue will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

issue upon the complaint as to defendant Blake.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Blake shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 14th day of October, 2005.

**/s/ Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com