UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:05 CV 79 JCH |
| | ) | |
| JAMIE HICKMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss. The matter is fully briefed and ready for disposition.

Plaintiff William Bradford is a resident of the Missouri Sexual Offender Treatment Center ("MSOTC"). He filed his Amended Complaint in this matter on September 26, 2005. (Doc. No. 14). In the Complaint, he alleges that two employees at MSOTC have interfered with his right to freedom of religion in violation of the First and Fourteenth Amendments. (Complaint, Doc. No. 14). He claims against Defendants in both their individual and official capacities. (Id. ¶ 7). He seeks both monetary and injunctive relief. (Id. ¶¶ 11-15). Defendants brought the instant Motion to Dismiss on December 7, 2005. (Doc. No. 26). For the reasons stated below, the Court grants the motion.

Defendants move to dismiss portions of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Motion to Dismiss, Doc. No. 26). They assert that because of their Eleventh Amendment immunity, Plaintiff cannot claim against them in their official capacities.

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the

-1-

light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982). The allegations of a pro se complaint "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotations omitted).

The Eleventh Amendment bars suits against state officials in their official capacities when, "the state is the real, substantial party in interest." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984) (internal quotations and citations omitted). Further, the state is the real party in interest if, "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting or to compel it to act." Id. at 102 n.11 (internal quotations and citations omitted). Thus, a plaintiff cannot recover monetary damages in an official-capacity suit against a state official, as such an award would require an expenditure of state funds. Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989). Plaintiffs may, however, seek injunctive relief against Defendants in their official capacities. Pulliam v. Allen. 466 U.S. 522, 541 (1984); Love v. McCown, 38 Fed.Appx. 355, 356 (8th Cir. 2002); Rose v. Nebraska, 748 F.2d 1258, 1263-64 (8th Cir. 1984).

As stated above, in his Complaint Plaintiff seeks both monetary and injunctive relief against Defendants. The Eleventh Amendment bars Plaintiff's claims for monetary damages against Defendants in their official capacities. Plaintiff's claims for injunctive relief against Defendants in their official and individual capacities still stand, as do his claims for monetary relief against Defendants in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's claims for monetary relief against Defendants in their official capacities (Doc. No. 26) is **GRANTED**.

Dated this 12th day of January, 2006.

                                                 /s/ Jean C. Hamilton
                                                 UNITED STATES DISTRICT JUDGE